UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL JAMARR ATKINS,

    Petitioner,                                        Case No. 1:10-cv-1093

v.                                                    HON. JANET T. NEFF

JOHN PRELESNIK,

    Respondent.
_____/

## OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner fails to identify any particular errors in the Report and Recommendation but merely "reasserts that he was in fact denied his right to a Public Trial," and "there was [not] sufficient evidence to sustain a 1st degree murder conviction" (Pet'r Obj., Dkt 22 at 1 & 2). While a pro se litigant's objection should be liberally construed by the Court, *see Boswell v. Mayer*, 169 F.3d 384,

1

387 (6th Cir. 1999), Petitioner's "objections" here wholly fail to supply the basis for his objections. The local rules of this Court require that the objecting party "specifically identify the portions of the proposed findings, recommendations or report to which objections are made *and* the basis for such objections." W.D. Mich. LCivR 72.3(b) (emphasis added). Petitioner's mere dissatisfaction with the result in his case, without any explanation as to how the Magistrate Judge might have erred in evaluating the trial court's decision or in applying the pertinent legal standards, cannot serve as a basis for rejecting the Report and Recommendation. Accordingly, these "objections" are denied as without merit.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied. A Final Order will be entered consistent with this Opinion.

Dated: February 4 , 2013          /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge